110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon Mabel DAY, Plaintiff-Appellant,
v.
CASCADE COUNTY, a Political Subdivision of the State of
Montana; Barry Michellotti, Cascade County Sheriff; Jack
Whittaker, Cascade County Commissioner; Harry Mitchell,
Cascade County Commissioner; Roy Aafedt, Cascade County
Commissioner, Defendants-Appellees.
 No. 94-36042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1997.
Decided March 25, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The case went to trial on the section 1981, 1983 and 1985 claims, so we do not review it as though they had been dismissed on summary judgment prior to trial. After the evidence had come in, the judge decided as a matter of law that these constitutional claims would not go to the jury. We therefore review to determine whether there was a "legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). There was not.
 
 
 3
 The personal injury claims were put to the jury, and she lost. That establishes the absence of negligence. The test of whether defendants breached their federal constitutional duty to a pretrial detainee is generally "deliberate indifference." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991). While absence of negligence might arguably leave open the possibility, in some cases, of deliberate cruelty, there was no deliberate cruelty demonstrated in the evidence in this case. In the facts of this case, there being no deliberate or wanton cruelty, it follows a fortiori from the verdict of no negligence that there was no constitutional deprivation.
 
 
 4
 Day was not entitled to a negligence per se instruction under Montana law, because in Montana, violations of administrative regulations are merely evidence of negligence where they have not been incorporated into a statute. Brockie v. Omo Const., Inc., 844 P.2d 61, 65 (Mont.1992); Martel v. Montana Power Co., 752 P.2d 140, 145 (Mont.1988). Also, negligence per se would not be available to appellant for violation of the fire code, because to prevail in a negligence per se case, a plaintiff must show that her injury is "the sort the statute was enacted to prevent." VanLuchene v. State, 797 P.2d 932, 935 (Mont.1990). There was no fire, and no injury of the sort which the fire code was meant to prevent.
 
 
 5
 Day also argues the court should not have admitted her arrest record into evidence, but it was she who introduced it. Any error was invited and thus waived. 1 Weinstein's Evidence p 103 at 103-20-21; 1 Wigmore on Evidence § 18, at 836-40.
 
 
 6
 Day also complains that defendants were awarded attorney fees and costs, but in fact they were awarded only costs. Defendants were the winning party, so this was not improper. Fed.R.Civ.P. 54(d)(1).
 
 
 7
 Day argues that the district court erred in granting qualified immunity to some or all of the defendants. The defendants did argue that they were so entitled in their summary judgment motion, but the court granted summary judgment on other grounds. Qualified immunity was not an issue, and thus Day has merely misread the district court's decision.
 
 
 8
 Day argues that the court erred by not instructing the jury that economics is not a defense to a claim that Cascade County negligently operated the detention center. Yet she did not offer such an instruction. Therefore, the issue was not preserved for appeal. Fed.R.Civ.P. 51.
 
 
 9
 Day's remaining arguments are also without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3